IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DRONE LAUNCH ACADEMY, LLC, ) ) ) ) Plaintiff, ) ) v. ) ) ) AGRI SPRAY DRONES, LLC ) ) ) Serve: ) ) Taylor Moreland, Registered Agent ) 6875 Audrain Rd. 111 ) Centralia, MO 65240 ) ) ) ) Defendant. ) | Case No. _____ |

## COMPLAINT

Plaintiff Drone Launch Academy, LLC ("DLA") brings this Complaint against Defendant Agri Spray Drones, LLC ("Agri Spray") and in support of its claims states:

## PARTIES

1. DLA is a Florida limited liability company. Its members are residents of Florida.

2. Defendant Agri Spray is a Missouri limited liability company. Upon information and belief, all members of Agri Spray are residents of Missouri.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Agri Spray is subject to jurisdiction in this Court because it transacted business in the state of Missouri and the events giving rise to DLA's claims took place in Missouri.

5. Venue is proper in this Court because a substantial part of the transactions and/or events giving rise to the claims in this action occurred in this judicial district.

## OVERVIEW OF THE CASE

6. The Federal Aviation Administration ("FAA") requires that all commercial drone pilots be licensed.

7. DLA has created a popular online prep course that prepares users for taking and passing the FAA license exam.

8. DLA has taken steps to protect its prep course with copyright and trademark filings.

9. Under the auspices of being a singular customer, Agri Spray purchased DLA's course and now sells the *exact product* as its own, reaping thousands of dollars in ill-gained profits with each transaction.

10. Agri Spray's actions are unlawful and improper under federal and state law.

## FACTUAL BACKGROUND AND CLAIMS

### Commercial Drone Licensure Requirements

11. The commercial use of aerial drones in the United States has increased

dramatically in the past decade.

12. Nowhere is this more evident than with the use of agricultural drones used by farmers and others to monitor crop and livestock conditions from the air and to apply necessary chemicals (i.e., pesticides and herbicides).

13. The agricultural drone market is expected to increase seven-fold in the next decade, to the tune of almost $8 Billion:



14. The use of commercial drones, including those used in agricultural settings, is highly regulated by federal and local authorities.

15. At particular issue in this case is the licensure requirements set by the FAA.

16. FAA regulations require all commercial drone pilots to obtain a Remote Pilot Certificate, popularly termed a "Part 107 License"[1].

---

[1] The term "Part 107" is derived from the applicable federal regulations found at 14 C.F.R. §107.

17. A Part 107 License allows a pilot to earn money with her/his drone operations.

## The Drone Launch Academy and the Drone Pilot Prep Course

18. DLA provides online training courses for commercial drone pilots.

19. DLA was started by Mr. David Young, an FAA certified Advanced Ground Instructor who obtained his pilot's license at the College of Aeronautics at the Florida Institute of Technology.

20. In 2016, Mr. Young created an online course for pilots seeking to obtain their Part 107 License.

21. The course is appropriately named the Part 107 Exam Prep course (the "Prep Course").

22. Mr. Young sought and obtained a copyright registration for the Prep Course from the United States Copyright Office. The Copyright Registration Number is PA 2-360-677.

23. Mr. Young transferred his copyright to DLA.

24. DLA's training products, including the Prep Course, all contain DLA's logo/trademark:



25. DLA's trademark was registered with the United States Patent and

Trademark Office on November 7, 2017. The Registration Number is 5329322.

26. DLA charges $200 for the online Prep Course.

27. The Prep Course is the main product DLA sells.

28. Customers that purchase the Prep Course are provided with a website address and login information to access the course.

29. Once logged in, customers have access to training material and practice tests for the Part 107 License exam.

30. DLA also sells an audio book containing training material for commercial drone pilots.

### Agri Spray's Theft of DLA's Products

31. Agri Spray is a Missouri company that sells drones and related training material to farmers.

32. Agri Spray purchased the Course Prep and the audio training book from DLA.

33. DLA provided Agri Spray the applicable website address and login information from DLA for the Prep Course and a link to the audio training book.

34. DLA has the ability to identify the computer IP addresses of persons that access the Prep Course.

35. Shortly after Agri Spray purchased the Prep Course, DLA started noticing a significant increase in the number of logins for the Prep Course and increased inquiries to its customer service department.

36. Many of the inquiries concerned users' inability to access the Prep Course.

37. Upon examination, DLA discovered that persons that had not purchased the Prep Course were attempting to login to the Prep Course and access the audio training book.

38. When DLA customer service agents inquired about the login attempts, they were told by numerous persons (via email) that they were using Agri Spray's login information.

39. Below is an example:



40. Other persons that did not purchase the Prep Course informed DLA's service department that they had actually taken the Prep Course:



41. DLA has discovered that Agri Spray sells an "FAA Regulations Package" for $2,000.

42. Included in the package is a "Drone Pilots License Study Guide – FAA Part 107". Upon information and belief, this is the *exact* same guide as the Prep Course.

43. DLA never gave Agri Spray permission to allow other people access to (or rather sell) its Prep Course or audio training book.

44. But Agri Spray did just that.

45. To date, DLA's investigation reveals that more than *650 nonpaying IP addresses* sought to login to the Prep Course or access the audio training book using Agri Spray's login information.

46. Upon logging in to DLA's Prep Course, these nonpaying users see the DLA logo/trademark on the very first home page—a clear indication that it is a DLA product:



47. The Course Prep also contains video presentations from DLA instructors.

48. Each instructor has the DLA logo on his shirt:



49. The appearance of DLA's logo in material Agri Spray sells to its customers creates confusion and amounts to unfair competition.

50. Simply put, Agri Spray purchased *one* Prep Course and audio book from DLA and has since re-sold it to *hundreds* of its customers.

51. In doing so, it has reaped immense profits off the work and property of DLA.

## **COUNT I – COPYRIGHT INFRINGMENT**

52. DLA incorporates the above allegations as though specifically stated herein.

53. DLA's Founder, Mr. David Young, created the Copyright for the Prep Course.

54. The Copyright Registration Number is PA 2-360-677.

55. The Copyright has been transferred to DLA.

56. DLA, as owner of all rights and interest in and to the Copyright, enjoys exclusive rights to use, reproduce, distribute, publicly display, publish, and prepare derivative works of the same under the Copyright Act, 17 U.S.C. § 106.

57. Agri Spray has access to DLA's Copyright, and there are probative, substantial, and striking similarities between Defendants' products and DLA's Copyright.

58. Agri Spray through its unauthorized actions, has reproduced and copied the Copyright, infringing upon DLA's rights therein.

59. Those elements of the Copyright copied by Agri Spray constitute protected expression and are of such importance to the copied work that the appropriation is actionable.

60. Any use, changes or modifications Agri Spray has to the Copyright are unlawful derivative works, as they constitute works that are based upon or incorporate the Copyright under 17 U.S.C. § 101.

61. Agri Spray has publicly distributed, sold, and displayed the Copyright, as described herein, in violation of DLA's exclusive copyrights in those works and 17 U.S.C. § 106.

62. Because Agri Spray knew, or should have known, that it was not the author

or owner of the Copyright, and knew, or should have known, that DLA owned the same, Agri Spray is liable for direct copyright infringement.

63. DLA has not granted permission, whether express, implied or otherwise, for Agri Spray to reproduce sell, distribute, display, publish, or prepare derivatives of the Copyright.

64. As a result of the activities described herein, DLA has been damaged.

## COUNT II – INFRINGMENT OF TRADE DRESS
## UNDER LANHAM ACT, 15 U.S.C. § 1051

65. DLA incorporates the above allegations as though specifically stated herein.

66. The design and trade dress of the DLA's training material, including the Prep Court, includes DLA's logo throughout.

67. As a result of this sales and advertising effort by DLA, the trade dress (including logo) of DLA's Prep Course has a secondary and distinctive trade dress meaning to potential purchasers, in that potential purchasers have come to associate this logo with DLA products.

68. Agri Spray intentionally used and continues to use the Prep Course as its own developed product which is confusingly similar—if not exact—to DLA's trade dress such that it misleads customers to believe that the products sold by Agri Spray are sponsored, endorsed, or sold by DLA.

69. This is evidenced by the fact that DLA and Agri Spray operate in the same niche industry and sell the same products.

70. The design and trade dress of Prep Course has become identified in the drone industry as originating with DLA.

71. DLA has extensively advertised and promoted its Prep Course.

72. Defendants' willful and complete duplication of DLA's Prep Course has resulted in Agri Spray's training material to be an exact replica of the DLA Prep Course.

73. Upon information and belief, Agri Spray purposefully selected DA's Prep Course and trade dress for their training product in bad faith to trade off the goodwill of DLA's trade dress.

74. DLA never licensed or otherwise authorized Agri Spray to use its trade dress.

75. DLA has been damaged by Defendants' misappropriation and unauthorized use of its trade dress.

## COUNT III – UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. §1125(a)

76. DLA incorporates the above allegations as though specifically stated herein.

77. Agri Spray's use and sale of their copycat training material that is identical to DLA's Prep Course is calculated to, has caused, and is likely to continue to cause confusion and deception. The public and the trade is likely to believe that Agri Spray and/or its goods and services are licensed, sponsored, authorized, approved or are in some other way associated or connected with DLA's business.

78. Agri Spray intentionally uses and sells training material that is confusingly similar—in fact, identical—to DLA's Prep Course such that it misleads customers to believe that the products sold by Agri Spray are sponsored, endorsed, or sold by DLA.

79. This is evidenced by the fact that DLA and Agri Spray operate in the same niche industry and sell the same products.

80. As a consequence of Defendants' misuse of the Copyright and trade dress, the public is likely to believe mistakenly, and to be confused into thinking that Agri Spray and its goods originate with, are affiliated with, or are approved by DLA.

81. Agri Spray, by reason of its acts set forth above, have made and will continue to make profits to which it is not in equity or good conscience entitled.

## COUNT IV – COMMON LAW UNFAIR COMPETITION

82. DLA incorporates the above allegations as though specifically stated herein.

83. This action is for unlawful appropriation of DLA'S exclusive rights in its copyright and trade dress and is against Defendants based on Defendants' unauthorized use of the copyright and trade dress material.

84. As a consequence of Defendants' use of DLA's copyright and trade dress, the public is likely to believe mistakenly, and to be confused into thinking that Agri Spray and its goods originate with, are affiliated with, or are approved by DLA.

85. Agri Spray's wrongful acts and unauthorized use have and will continue to cause DLA substantial injury including loss of customers, dilution of its reputation, dilution of its goodwill, confusion of existing and potential customers, loss of reputation, and diminution of its intellectual property.

86. The harm these wrongful acts cause to DLA is both imminent and irreparable, and the amount of damage sustained by DLA will grow ever more difficult to ascertain if these acts continue.

87. The customer confusion that has and will result from Agri Spray's actions will cause irreparable harm to DLA. For example, dissatisfaction with Agri Spray or its goods or services will mistakenly be attributed to DLA, and any adverse publicity associated with Agri

Spray will reflect negatively upon DLA.

88. DLA will continue to be irreparably harmed as long as Defendants are allowed to continue to infringe upon DLA's trade dress and copyright material.

## **COUNT V - CONVERSION**

89. DLA incorporates the above allegations as though specifically stated herein.

90. DLA has a property interest in its copyrighted Prep Course and its audio training book.

91. DLA expended enormous time, effort, and money into creating the Prep Course and audio training book.

92. As explained above, Agri Spray has intentionally exercised dominion and control over DLA's Prep Course and audio training book without authority

93. Agri Spray's unauthorized dominion and control over DLA's property interests in the Prep Course and audio training book interfered—and continues to interfere—with DLA's right to control its interests.

94. As a direct and proximate results of Agri Spray's unauthorized dominion and control over DLA property, DLA has suffered and will continue to suffer extensive damages.

## **COUNT VI – UNJUST ENRICHMENT**

95. DLA incorporates the above allegations as though specifically stated herein.

96. Agri Spray received monies and payment from its customers for their use of DLA's Prep Course and audio training book.

97. As the intended, direct, and proximate result of Agri Spray's actions, it has been unjustly enriched at the expense of DLA.

98. Under the circumstances described above, it would be against equity and good

conscience to permit Agri Spray to retail its ill-gotten benefits.

## PRAYER FOR RELIEF

WHEREFORE, DLA prays for:

1)     Judgement in its favor;

2)     Actual and statutory damages;

3)     Punitive damages;

4)     Disgorgement of Agri Spray's ill-gained profits;

5)     Injunctive relief prohibiting Agri Spray's use of any DLA product or service;

6)     Attorney fees and court costs;

7)     Prejudgment interest at the maximum rate allowable by law; and

8)     For such other relief as the Court deems just.

## JURY TRIAL DEMANDED

Plaintiff hereby requests a jury in this case for all issues triable by a jury.

Dated: May 9, 2023

Respectfully submitted,

/s/    Michael D. Pospisil
Michael D. Pospisil #49139
Matthew T. Swift    #63601
Pospisil Swift LLC
1600 Genessee St., Ste. 340
Kansas City, Missouri 64102
Tel: (816) 895-6440
Fax: (816) 895-9161
mts@pslawkc.com
mdp@pslawkc.com

Attorneys for Plaintiff